## BARGE *against* THE COMMONWEALTH.

### IN ERROR.

In cases of misdemeanor as well as felony, where the defendant's special plea in bar has been determined against him on matters of law, a judgment of *respondeat ouster,* is the proper judgment to be rendered.

ERROR to the Mayor's Court of the city of Lancaster.

In that court an indictment was found against *Jacob Barge,* the plaintiff in error, for fornication and bastardy, when the following proceedings were had:

November 15th, 1827.—Defendant by his counsel *Reah Frazer*, pleads *"autrefois acquit"* and *"not guilty."* Attorney General replies, that there *is no record* of an acquital as alleged by the defendant from the charge contained in this indictment. Issue to the court.

November 16th, 1827.—After defendant's counsel procured and read a record of the court of Quarter Sessions, of Lancaster county, and after argument. *Judgment for the Commonwealth on the issue.*

Mr. *Champneys* Deputy Attorney General, then moved the court *that judgment be pronounced against the defendant* to which defendant's counsel objected, and asked for a trial before the jury on the plea of not guilty. After argument the court overruled the objection, refused a trial on the plea of not guilty, and pronounced judgment against the defendant and sentenced him.

The plaintiff in error assigned these errors:

1. The court erred in directing the issue in the plea of *"autrefois acquit,"* and the replication of *"no such record"* to the court, as the same should have been referred to the jury.

2. There is error in the court passing *"judgment for the Commonwealth on the issue."*

3. The court erred in refusing the defendant a trial on the plea of not guilty; pronouncing judgment and passing sentence against him without a trial before the jury, and a conviction by the same tribunal.

*R. Frazer,* for the plaintiff in error.

The plea of not guilty has not been disposed of, it is yet undetermined. It was rightly put in; with the plea of *autrefois ac-*

(Barge *v.* Commonwealth.)

*quit,* as double pleading is allowed as well in criminal as civil cases in *Pennsylvania.* The judgment is therefore erroneous as all pleas must be disposed of before judgment.

The court without knowing his guilt, sentenced him because he had pleaded *autre fois acquit.* He referred to the *Commonwealth* v. *Demuth,* 12 *Serg. & Rawle,* 389.

The principle upon which the Court relied as authority for the judgment found in 1 *Chit. Crim. Law,* 375, 451, is rested on the case of the *Queen* v. *Goddard,* 2 *Ld. Raymond,* 922, which is refered to. In that case it is a mere *dictum* and not the point before the court. 2 *Haw. b.* 2, *ch.* 31, *sec.* 6 & 7. 3 *Salk.* 171. 2 *Wils. R.* 367. Judgment of *respondeat ouster* should have been given. The plea of *antrefois acquit* is like a plea in abatement, if it be of a matter of fact, and it is found against the defendant, final judgment is given as a punishment for his falsehood, but when the plea is of a matter of law, as the defendant cannot be presumed to be acquainted with matters of law, he ought not to be punished by a final judgment, because he has been mistaken in his plea.

*Champneys,* for the defendant in error,

The constitution of our courts, and the policy of the law requires no different rule from that established by the common law of England. The rule there sustains the judgment of the Mayor's Court. 1 *Chit. Crim. Law,* 375, 451. *Haw. b.* 2, *ch.* 23, *sec.* 128. 2 *Ld. Raymond,* 922.

The opinion of the court was delivered by

GIBSON, C. J.—No adjudged case supports the *dictum* of *Lord Holt* in the *Queen* v. *Goddard,* that a defendant can plead over but in treason or *felony*: nor has it to the extent been adopted by any elementary writer but Lord *Hale,* who of course, had not in view a distinction presently to be mentioned which has sprung up since his day.—*Hawkins,* after noticing the defendant's privilege in felony, says that in this respect an appeal or indictment differs from an appeal of mayhem, and from all other civil actions except certain writs of assize; 'for it seems to be an established rule," he adds, "that in appeals of mayhem and all other civil actions, those above named only excepted, if a plea in abatement triable BY THE COUNTRY be found against the defendant, he shall not afterwards be suffered to plead over any new matter, but final judgment shall be given against him." *B.* 2, *ch.* 23, *sec.* 128. He is certainly for restricting the judgment of *respondeat ouster* to cases of felony if the plea in abatement or bar has been determined against the defendent on matter of fact; but nothing is said by him to affect the right of the defendant to a like judgment in cases of misdemeanor where such a plea has been determined against

(Barge *v.* Commonwealth.)

him on matter of law. Mr. *Starkie* thinks a defendant ought on principle, to be concluded even in felony where *facts* necessary to constitute guilt, have been admitted by him on demurrer. *Criminal Pleading*, 348, Mr. *Chitty* adopts the principle of Lord *Holt*, but in referring to the *Queen* v. *Goddard*, expresses a doubt of its authority. *Criminal Law*, 461 *note*. Lord *Hale* in his pleas of the crown, 248, 256, 255, says that judgment of *respondeat ouster* is *in favorem vitæ;* whence an inference that it is an indulgence, and peculiar to capital cases: yet an undoubted practice has sprung up since his time, by which, in cases of misdemeanor, the defendant has judgment of *respondeat ouster* upon an adverse determination of his plea *in abatement* in matter of *law*. This stops short of the rule in felony, by which no plea, whether in abatement or in bar, or whether determinable as matter of law or matter of fact, precludes the defendant from the benefit of the same judgment. But it is well settled by authorities collected in *Starkie's Crim. Plead.* 436, and *Chitty's Crim. Law,* 451, that if a plea in abatement be determined against the defendant on *demurrer*, the judgment is that he answer over; and why not if a special plea in bar be thus determined, provided it contain no confession of facts that constitute guilt? The difference which there is between the effect of a verdict and of a demurrer, in the determination of a plea in abatement, arises from the presumption the law makes that every plea which is found to be false in fact, was known to be so by him who pleaded it, and he is concluded for having pleaded false; but he is not presumed to have known the matter of law which he left to the court, and is consequently not to be concluded by the determination of it. *Chitty Crim. Law*, 451. Now it is difficult to see why the same just and salutary discrimination shall not be made in respect to the determination of a special plea in bar. Whether the defendant has already had a verdict of acquittal, is a fact of which he is competent to judge; but whether it were on a sufficient indictment, is a matter which he leaves to the court, and is presumed for that reason not to know, so that consistently with the principle indicated by Mr. *Chitty*, he may at the same time reserve the benefit of his plea of not guilty. But it seems that in the *King* v. *Gibson*, 8 *East*, 112, Lord *Ellenborough* has said that if persons indicted of misdemeanors had been considered entitled to the privilege of PLEADING DOUBLE as in felony, there would have been many instances of it in the books. The argument, then is found at last to rest on a technical rule of pleading which, having been abolished in civil cases in order to allow a defendant as many pleas as justice may require, where property to the value of a shilling is involved, is nevertheless, we are told, to be sternly enforced where the defendant's character, liberty, and perhaps the peace of his family,

(Barge *v.* Commonwealth.)

are jeoparded. No case can be produced where the point was so ruled; for the *King* v. *Gibson* was itself the case of a plea in a abatement, and if it were not, the case is not authority here, nor to be cited as such. The same justice, not to say humanity, which originally dictated a judgment of *respondeat ouster* in felony, dictates the same judgment in cases of misdemeanor where the defendant's special plea in bar has been determined against him on matter of law, and the case ought therefore to have been put to the jury on the plea of not guilty.

Judgment reversed.